**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DARRYL L. APPLEWHITE,

    Petitioner,                   Civil Action No. 05-CV-72589-DT
v.                                   HONORABLE BERNARD A. FRIEDMAN
                                           CHIEF UNITED STATES DISTRICTJUDGE

RAYMOND BOOKER,

    Respondent,
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

Darryl L. Applewhite, ("Petitioner"), presently confined at the Ryan Correctional Facility in Detroit, Michigan, has filed a petition for writ of habeas corpus with this Court pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for assault with intent to commit murder, M.C.L.A. 750.83. For the reasons stated below, the Petition for Writ of Habeas Corpus is **SUMMARILY DISMISSED.**

### I. Discussion

The petition for writ of habeas corpus must be dismissed, because petitioner has failed to specify the claims that he is wishes to raise in his petition, nor has he alleged any facts which show that he is being detained in violation of the federal constitution.

A petition for a writ of habeas corpus must set forth facts that give rise to a

1

cause of action under federal law or it may summarily be dismissed. *Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." *Gray v. Netherland,* 518 U.S. 152, 162-63 (1996)(internal citations omitted). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994)( *citing to* Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254); *See also Smith v. Stegall,* 141 F. Supp. 2d 779, 784 (E.D. Mich. 2001). Conclusory allegations in a habeas petition, without evidentiary support, do not provide a basis for habeas relief. *Payne v. Smith,* 207 F. Supp. 2d 627, 650 (E.D. Mich. 2002).

In the present case, petitioner has filed a blank habeas petition and merely attached the Michigan Court of Appeals opinion affirming his conviction, the Michigan Supreme Court order denying leave to appeal, an order from the United States Supreme Court denying petitioner a writ of certiorari, his pre-sentencing report, and his sentencing guidelines scoring sheet. Petitioner does not indicate in his petition the claims he wishes to raise or make any arguments that would state a claim for habeas relief. In his application to proceed without prepayment of fees, petitioner indicates that the issues that he seeks to raise in his petition are:

    I. Right to present a defense.
    II. Departing above the sentencing guidelines based on characteristics
    already taken into account.

Petitioner, however, does not indicate in the body of his habeas petition itself that he wishes to raise these claims. The petition for writ of habeas corpus, and not briefs or other documents, provides the basis for granting a writ of habeas corpus. *See Scott v. Hopkins,* 82 F. Supp. 2d 1039, 1050 (D. Neb. 1999). Moreover, assuming that these are the claims that petitioner wishes to raise, petitioner has failed to offer any arguments or reasons why his current conviction is unlawful or a violation of the Federal Constitution. Conclusory allegations in a habeas petition do not provide a basis for habeas relief. *Payne v. Smith,* 207 F. Supp. 2d at 650. A mere "boiler-plate assertion" that a petitioner's conviction contains some unspecified flaw does not equate to a valid claim that a federal district court should research and consider. *See Gardner v. Norris*, 949 F. Supp. 1359, 1368 (E.D. Ark. 1996). The fact that petitioner has attached the Michigan Court of Appeals' opinion affirming his conviction to his petition is insufficient to state a claim upon which habeas relief may be granted. Highlighting the passage of a state court opinion which affirms a habeas petitioner's state court conviction is not a substitute for making allegations which, if true, would tend to show that a habeas petitioner was being held in violation of the federal constitution. *See Small v. Endicott,* 998 F. 2d 411, 417 (7th Cir. 1993). A district court judge is not required to construct a habeas petitioner's arguments for him. *Id.* This Court is therefore under no obligation to attempt to define the argument or point that petitioner is trying to make merely by attaching the Michigan Court of Appeals' opinion to his petition, where petitioner has failed to articulate any reasons

3

for disagreeing with the Michigan Court of Appeals' decision. *Small,* 998 F. 2d at 418.

## II. ORDER

Accordingly, the Court **SUMMARILY DISMISSES** the petition for writ of habeas corpus pursuant to Rule 4 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.

                                                  s/Bernard A. Friedman
                                                _____
                                                **HON. BERNARD A. FRIEDMAN**
                                                **CHIEF UNITED STATES DISTRICT JUDGE**

DATED:  July 12, 2005